CATALINA OLIVER DE RAMÍREZ, Plaintiff and Appellee, v. MIGUELINA OLIVER DE SANTONI, Defendant and Appellant.

No. 8030. Argued April 23, 1940.—Decided July 26, 1940.

*Miguel Santoni* and *A. Cadilla Ginorio* for appellant. *E. Pérez Casalduc* for appellee.

Mr. Justice Wolf delivered the opinion of the court.

Andrés Oliver Roses died intestate in Arecibo, Puerto Rico, on February 22, 1937. He left José Ramón, Manuel, and Catalina Oliver Aresti, children by his first marriage; Miguelina Oliver Ledesma, a daughter from a second marriage; Antonia Oliver Pérez, a natural daughter, duly acknowledged; and his widow Modesta de la Rosa, from whom he had no children. All were declared heirs by the District Court of Arecibo, but the declaration of heirship said:

"As the heirs are such from the moment their predecessor dies, the court declares heirs of Don Andrés Oliver Roses his legitimate children José Ramón, Manuel, and Catalina Oliver Aresti; the acknowledged natural daughter Antonia Oliver Pérez, and the legitimate daughter Miguelina Oliver Ledesma, as well as the widow as to the portion in usufruct which the law provides.

"It is understood for legal purposes, that as Miguelina Oliver Ledesma has renounced the inheritance, the rest remain as heirs and representatives of the deceased Andrés Oliver Roses, as to the properties left at his demise and the obligations that may pertain to his estate."

The repudiation referred to appears from public deed No. 12 executed before Armindo Cadilla, a notary, on March 4, 1937. The defendant-appellant, by that deed, declared:

"*Second.*—That not desiring nor wishing to accept the inheritance of her aforesaid father, nor any participation she has or may have therein, for reasons and causes which she does not make public, the party herein, Doña Miguelina Oliver Ledesma, by the present deed renounces and repudiates said inheritance, and in consequence thereof, abandons the properties that constitute and compose it at the disposal of any other heirs of the deceased which may appear or become

such, by virtue of this renunciation and repudiation effected by the undersigned party.''

Andrés Oliver had life insurance worth $22,152.55. The policy was drawn payable to his ''legal representatives.'' In the application blanks Oliver stated that his relation with the beneficiaries was: wife and children.

The Sun Life Assurance Company of Canada, the insurer, issued a check in the name of the wife and children of Oliver, including Miguelina. This action was brought by Catalina Oliver, who maintains that Miguelina Oliver can not collect under the policy because she renounced the policy when she repudiated the inheritance; that the policy is payable to the legal representatives and Miguelina Oliver is not a legal representative.

Section 338 of the Code of Commerce says:

''The amount which the underwriter must deliver to the person insured, in fulfilment of the contract, shall be the property of the latter, even against the claims of the legitimate heirs or creditors of any kind whatsoever of the person who effected the insurance in favor of the former.''

This court said, through Mr. Justice Hutchison, in the case of *Schlüter* v. *Díaz*, 41 P.R.R. 875, 877:

''In this Island, on the death of an assured, the proceeds of a life insurance policy payable to his executors, administrators, or legal representatives in the absence of any question as to transfer, assignment or other specific expression of intention belong either to his heirs or to the surviving spouse and the heirs, not to the executors, administrators or legal representatives of the deceased, nor to his creditors.''

That the contract of life insurance is not governed by the Civil Code but by the Code of Commerce has already been decided. *Cádiz* v. *Jiménez*, 30 P.R.R. 35; *Schlüter* v. *Díaz*, *supra*; *Espósito* v. *Guzmán*, 45 P.R.R. 771, 777. That last case said:

''From the research we have made in connection with life insurance contracts, it appears that they are subject to regulation and

are exclusively governed by the provisions of the Code of Commerce, and their clauses must be enforced as the same appear in the policy issued. There is always a beneficiary, who is the person entitled to the exclusive enjoyment of the amount stated in the policy, taken in his favor by the insured, irrespective of the source of the funds. with which the premiums are paid.''

With these antecedents, it is perfectly clear that although the policy was payable to ''legal representatives,'' the proceeds of this policy was in no way payable to the estate of Andrés Oliver. At the instant of his death Miguelina Oliver de Santoni became nominally, but in reality, as we think, permanently his beneficiary under this policy. The use of the words ''legal representatives'' was a mere *descriptio personarum*. The only way in which she could have lost her rights acquired at the death of the intestate would have been if the whole policy would have been payable to the estate of Oliver and all of the beneficiaries would have been deprived of their share for the benefit of creditors and what not.

Everybody in the case is maintaining that no part of the policy is payable to the creditors and that is what the law says. Therefore when Miguelina Oliver renounced her inheritance she did not renounce the claim to the benefit of the policy. This was hers because she was one of the legal representatives so described in the policy. The intention of the policy holder was that his legal representatives should take the proceeds, and we may repeat, that the words ''legal representatives'' was his manner of designating the persons who were to have the benefit of the policy. That this was his intention is further evidenced by the fact that in one of the blanks of the policy he indicated that the persons to succeed were his wife and children.

This is a curious case because the plaintiff here attempted to make the defendant pay her share into court to be distributed among the other beneficiaries named in the policy. It makes no difference that Miguelina Oliver de Santoni chose to renounce the assets of the estate. This policy forms no part of the assets of the estate.

The judgment of the District Court of Arecibo should be reversed and the complaint dismissed.

Mr. Justice De Jesús took no part in the decision of this case.